UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL J. SABBATELLI,
individually and on
behalf of all others
similarly situated,

 Plaintiff,


v.                              CIVIL ACTION NO.: 13-cv-

FUEL DOCTOR, LLC,
BEST BUY, CO., INC. and
UNKNOWN DEFENDANTS 1-10,
 Defendants.


**CLASS ACTION COMPLAINT AND REQUEST FOR JURY TRIAL**

Introduction

     Daniel J. Sabbatelli (hereinafter "Sabbatelli" and/or "proposed

class representative"), through his counsel, on behalf of himself

and all other individuals and entities similarly situated (as more

fully discussed *infra*), initiate this proposed class action

involving Fuel Doctor, LLC (hereinafter "Fuel Doctor"), Best Buy,

Co., Inc. (hereinafter "Best Buy")[1] and other presently unknown

Defendants.  This proceeding involves the fraudulent marketing and

sale of the Fuel Doctor FD-47 Fuel Efficiency Booster and FD-47

Platinum Fuel Efficiency Booster (hereinafter "FD-47") both of which

promise to increase passenger automobile fuel economy up to 25%,

increase engine horsepower and reduce engine exhaust emission simply

by plugging the device into a vehicle's 12 volt accessory port

_____

     [1] Fuel Doctor and Best Buy are sometimes collectively referred
to as "Defendants."

(a/k/a cigarette lighter).[2] All of these representations are false and fraudulent since the FD-47 is a reworked cell phone charger that now has LED lights that illuminate when the "device" is plugged into the charger port.  The FD-47 cannot condition the vehicle's electrical system via the charger port or perform any other function except display LED lights indicating on/off and normal or low voltage.

Complaint Allegations

1. Fuel Doctor and Best Buy (hereinafter sometimes jointly referred to as "defendants") marketed and sold throughout the United States (including Massachusetts) the FD-47 from approximately 2009 through and including to the present time.

2. The proposed class representative and members of the proposed class request *inter alia* return of the purchase price of FD-47 and/or monetary damages together with court costs and attorneys' fees.

Parties to this Proceeding

3. Sabbatelli is an adult individual residing at 169 Bedford Road, Woburn, Massachusetts 01810, Middlesex county.

4. Fuel Doctor is a duly organized California limited liability corporation with a principal place of business at 23679 Calabasas Road, #548 Calabasas, California, 91302.

---

[2] The FD-47 is the size of a cell phone charger but does not have a charging cord.

5. Best Buy is a duly organized Delaware corporation with a principal place of business at 7601 Penn Ave., South Richfield, MN 55423.

6. Sabbatelli is currently unaware of the names and addresses of the unknown defendants who participated in the marketing, distribution and sale of the FD-47 in the United States. The unknown defendants are legally responsible for injuries to Sabbatelli and class members as described in this complaint. The complaint will be amended to include these defendants once their identities are ascertained.

7. Fuel Doctor and Best Buy marketed and sold consumer electronic products throughout the United States and Massachusetts including the proposed class representative's FD-47 and all other FD-47s. Fuel Doctor and Best Buy corporate officers and employees regularly travelled to Massachusetts in furtherance of their businesses.

8. Fuel Doctor had substantial participation in designing, manufacturing and testing the FD-47.

9. Fuel Doctor had substantial participation in drafting the advertisements, Owner's Manual and warranties that accompanied the FD-47.

10. Fuel Doctor and Best Buy had substantial participation in the advertisement, marketing, distribution and sale of FD-47 in Massachusetts and the United States.

11. The activities of Fuel Doctor and Best Buy in Massachusetts are directly attributable to injuries sustained by the proposed class representative and other purchasers of the FD-47.

Jurisdictional and Venue Statement

12. This district court has original jurisdiction under 28 U.S.C. § 1332(a)(1-3), 28 U.S.C. § 1332(d)(2)(A)-(C) and 28 U.S.C. § 1367 since diversity jurisdiction exists between the proposed class representative, Fuel Doctor and Best Buy, there are in excess of 10,000 proposed class members and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.

13. *In personam* jurisdiction exists over Fuel Doctor and Best Buy under the so-called Massachusetts "long-arm" statute, Mass. Gen. L. ch. 223A, § 3 entitled "Jurisdiction of Courts of the Commonwealth Over Persons in Other States and Countries."  Fuel Doctor and Best Buy are persons within the context of Mass. Gen. L. ch. 223A, § 1. Fuel Doctor and Best Buy directly and through their agents regularly transact business and otherwise derive substantial revenue in Massachusetts.  Fuel Doctor and Best Buy conduct continuous and systematic economic activities in Massachusetts.  Fuel Doctor and Best Buy intentionally and purposefully placed their products in the stream of commerce in Massachusetts and throughout the United States.  Fuel Doctor and Best Buy directly and through agents deliberately placed thousands of FD-47s in Massachusetts commerce. Fuel Doctor and Best Buy had a reasonable expectation that the FD-47

4

they manufactured and/or distributed would be used in Massachusetts. The FD-47s were sold and used in Massachusetts. Subjecting Fuel Doctor and Best Buy to *in personam* jurisdiction in Massachusetts does not violate their due process rights and comports with requirements of fair play and substantial justice.

14. Venue is conferred by 28 U.S.C. § 1391 as Fuel Doctor and Best Buy regularly and purposefully conducted business in this judicial district and a substantial part of the events giving rise to the claim occurred here.

Class Action Allegations[3]

15. The proposed class representative initiates this national class action pursuant to Fed. R. Civ. P. 23(b)(1) and 23(b)(3) on behalf of himself and all members of the following proposed sub-classes (hereinafter collectively referred as "proposed class members") defined as follows: (sub-class no. 1) All owners and former owners of the FD-47 sustaining monetary loss incurred from purchasing the FD-47 whose claims are governed by the application of Massachusetts substantive law and/or other appropriate grouping; and (sub-class no. 2) All owners and former owners of the FD-47 sustaining monetary loss incurred from purchasing the FD-47 whose claims are governed by the application of substantive law substantially similar and/or identical to Massachusetts substantive law and/or other appropriate

_____

[3] Sabbatelli also reserves his right to assert a class under Mass. Gen. L. ch. 93A, § 9(2).

grouping.

Numerosity of the Class

16. The proposed class is so numerous that individual joinder of all potential members is impracticable under Fed. R. Civ. P. 19 or 24. There were in excess of 100,000 FD-47 sold in the United States. Although information concerning the number, location and identity of all proposed class members is not presently ascertainable, this information is obtainable through discovery.

Existence of Common Questions of Law and Fact

17. Common questions of law and fact exist as to all members of the proposed sub-classes and predominate any and all issues of law and fact affecting individual members of the class.   These issues include but are not limited to:

   a.   Whether the FD-47 was fraudulently marketed and sold by Fuel Doctor and/or Best Buy;

   b.   Whether Fuel Doctor and Best Buy were aware and/or should have been aware that the FD-47 could not have possibly performed as warranted and actively, affirmatively and/or fraudulently concealed the fraudulent nature of the product;

   c.   Whether proposed class members sustained economic loss directly or indirectly by use of the FD-47;

   d.   Whether Fuel Doctor and Best Buy conducted adequate testing of FD-47 to determine whether the FD-47 performed as warranted;

e. Whether Fuel Doctor and Best Buy breached their express warranties in that FD-47 was not able to produce the claimed vehicle fuel efficiency increases when used in conformity with the instructions;

f. Whether proposed class members are able to economically afford individual litigation against Fuel Doctor and Best Buy;

g. Whether Fuel Doctor and Best Buy committed unfair and/or deceptive business trade act practices in the sale of FD-47;

h. Whether Fuel Doctor and Best Buy had a duty to disclose their knowledge of the fraudulent nature of the FD-47;

i. Whether Fuel Doctor and Best Buy were unjustly enriched by their actions and deceptive business practices;

j. Whether proposed class members are entitled to restitution or monetary damages; and,

k. Whether the court should establish a constructive trust funded by the benefits conferred upon Fuel Doctor and Best Buy by their wrongful sale of the FD-47.

Typicality of Claims or Defenses of a Definable Class

18. The claims and defenses of the proposed class representative are typical of the claims and defenses of proposed class members. Class claims arise out of ownership of FD-47 as described in this complaint. Fuel Doctor and Best Buy have no counterclaims or defenses unique to the proposed class representative.

Adequate Representation

19. The proposed class representative has no conflicting interests between himself or with any other class member.  The proposed class representative will fairly and adequately protect the interests of the class.  Claims of the proposed class representative and the proposed class members' claims are so interrelated that the interests of the proposed class members will be fairly and adequately protected in their absence.  The proposed class representative has retained counsel adequate to protect the interests of all proposed class members.

Superiority of a Class Action

20. Maintenance of a class action is the most economical procedural device to litigate claims against Fuel Doctor and Best Buy with respect to the FD-47.  Prosecution of separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Fuel Doctor and Best Buy as recognized by Fed. R. Civ. P. 23(b)(1)(A).

21. Prosecution of separate actions by or against individual class members would create the risk of inconsistent adjudications with respect to individual class members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede his ability

to protect his interests as recognized by Fed. R. Civ. P. 23(b)(1)(B).

22. Questions of law and fact common to members of the class predominate over any questions affecting any individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy as recognized by Fed. R. Civ. P. 23(b)(3).

Further Allegations

23. The proposed class representative and proposed class members had valid and binding warranties and contracts with Fuel Doctor and Best Buy and were reasonably expected by Fuel Doctor and Best Buy to use the FD-47 in the manner in which the device was used.

24. The proposed class representative and proposed class members complied with all warranty and contractual obligations including all warranty, warranty notice, maintenance and product use obligations for their respective FD-47.

25. The proposed class representative and proposed class members operated their FD-47 under normal anticipated conditions and environments and in conformity with the device's instructions.

26. The proposed class representative and proposed class members collectively incurred a substantial financial loss purchasing a product that simply did not perform as warranted (and given its design and alleged method of operation could not possibly perform as warranted).

27. The proposed class representative and/or his agents contacted Fuel Doctor and Best Buy via telephone concerning their respective FD-47 warranty breaches.  Fuel Doctor and Best Buy timely received the proposed class representative's breach of warranties notices through their authorized representatives and suffered no resulting prejudice.

28. Fuel Doctor and Best Buy actively concealed the fraudulent nature of the FD-47.[4]

29. The proposed class representative's FD-47 cost $49.95 plus tax at the time of purchase.  Proposed class members also purchased the FD-47 at prices ranging from $49.95 to $59.95.

30. The proposed class representative did not learn his FD-47 failed to perform as warranted until he had used it in conformity with the operating instructions in his 2003 Honda Odyssey, 2000 Mercedes Benz 320 and 2007 Honda Civic and drove several thousand miles.

31. Fuel Doctor and Best Buy had actual knowledge and/or should have known upon proper inquiry and testing that the FD-47 was a fraud before sales of FD-47 commenced in the United States.

---

[4] Additional information supporting allegations of this fraud and fraudulent conduct is in the control of Fuel Doctor and Best Buy.  This information includes but is not limited to warranty data, technical root cause analyses, engineering memoranda, warranty claims and internal corporate communications concerning performance of the FD-47.

32. This information was technical in nature and not known by the ordinary consumer or the public including the proposed class representative and proposed class members.

33. The proposed class representative and proposed class members were ignorant of this technical information through no fault of their own.

34. Although Fuel Doctor and Best Buy knew or should have known the FD-47 was a fraud, Fuel Doctor and Best Buy knowingly and actively concealed material information from prospective purchasers and actual purchasers with the intent to deceive purchasers and promote FD-47 sales.

35. Fuel Doctor concocted fraudulent tests of the FD-47 that allegedly supported claims of increased fuel economy including tests allegedly conducted by Best Buy employees.

36. Best Buy unrealistically relies on the representations made by Fuel Doctor in defense of its warranty breaches and fraud perpetuated on purchasers of the FD-47.

37. Fuel Doctor and Best Buy are equitably estopped from asserting the statutes of limitations were running against the claims of class members.

38. Fuel Doctor and Best Buy continuously and affirmatively concealed the actual characteristics of FD-47 from the proposed class representative and other purchasers. Fuel Doctor and Best Buy breached their affirmative duty of disclosure to FD-47 owners under

both ch. 93A, Mass. Regs. Code 940, § 3.05 (1993), Mass. Regs. Code 940, § 3.16 (1993) and the Federal Trade Commission Act of 1914, 15 U.S.C. §§ 41-58 (*as amended*).

39. Fuel Doctor and Best Buy breached express and implied warranties and actively and affirmatively misrepresented, fraudulently concealed and suppressed the fact that the FD-47 simply did not perform as warranted. Material information was fraudulently concealed and/or actively suppressed in order to sell FD-47 to uninformed consumers (including the proposed class representative and proposed class members) premised on affirmations and representations of increased fuel economy.

40. Fuel Doctor and Best Buy engaged in unconscionable fraudulent commercial practices and are engaged in a continuing fraud with respect to the FD-47.

41. The FD-47 bubble plastic packaging has a descriptive section entitled "HOW IT WORKS!" which describes the product's functioning as follows:

> The Patent Pending technology increases a vehicle's miles per gallon (MPG) through power conditioning of the vehicles [sic] electrical systems. Conditioned and clean power allows the vehicles [sic] electronic control unit (ECU), fuel injection and engine timing equipment to operate more efficiently. When the vehicles [sic] engine runs more effieiently it will require less fuel, produce more power and operate more efficiently. When the vehicles [sic] engine runs more efficiently it will require less fuel, produce more power and have reduced exhaust emissions (reduced CO2).
>
> As a vehicle matures, the power systems tend to generate

and experience more electrical noise or electrical
interference. This noise can have many detrimental effects
on the vehicles [sic] systems and decrease their
efficiency. The FD-47 simply plugs into the lighter
socket/power port and the power conditioning qualities of
the FD-47 help to reduce and remove this noise and to
restore a vehicle's efficiency.[5]

42. The FD-47 has been examined and tested on multiple occasions by various consumer advocacy groups and automobile enthusiast magazines including Consumer's Union (publisher of Consumer Reports) and Car and Driver. Each of these independent authorities concluded that the FD-47 failed to provide any increase in vehicle mileage that was not accounted for by random variables such as wind or test conditions. They also failed to note any increase in horsepower or reduction of emissions as promised by the product.

43. Consumer Reports conducted two separate tests of the FD-47. The results of first test were published in December of 2010 which announced that the "Fuel Doctor FD-47 fails the Consumer Reports mpg test" since "it doesn't work." When Fuel Doctor challenged the test results, Consumer Reports conducted additional testing in May of 2011 which also determined that the FD-47 produced "No improvement

---

[5] Fuel Doctor claims its product can be used "on any size vehicle operating on gasoline, diesel fuel or LPG." The vast majority of diesel powered cars use a mechanical injection pump and fuel metering system which is not controlled or monitored by an electronic control module. No amount of electrical signal cleansing and noise flattening (assuming this procedure actually improves mileage) could improve diesel fuel mileage since the diesel engine injection and time is purely mechanical in nature.

in miles per gallon." Consumer Reports rated the FD-47 as a "Don't Buy: Performance Problem."

44. In May of 2011, Car and Driver Magazine also carefully examined and tested the FD-47 and determined that the device was "a simple circuit board for the LED lights" and that "[e]ven if you could "condition" the ECU through the lighter socket, it's unlikely that Fuel Doctor is doing so."

45. Any and all testing conducted by Fuel Doctor to validate its FD-47 were fraudulent in nature and the results altered to achieve a predetermined result that had no actual validity or scientific merit. The FD-47 can be described as a modern electronic "snake oil" cure-all for increased automobile fuel mileage and additional horsepower. Such a device can not possibly perform as promised.

46. Other experts in the subject matter areas of automotive engineering and repair (including an expert retained by Sabbatelli) also have examined the claims of Fuel Doctor and determined that FD-47 is incapable of performing increases in fuel economy or horsepower because the vehicle's ECU can not be accessed or remapped via the 12 volt accessory port (a/k/a cigarette lighter) which is a closed circuit that does not interface with the ECU.

47. Fuel Doctor and Best Buy's unconscionable conduct precludes any exclusion of incidental and consequential damages or any other limitation of consumer remedies.

14

48.  Individuals  who  own  or  have  owned  FD-47  sustained  an
ascertainable loss because the FD-47 failed to perform as warranted.

49. If the proposed class representative and proposed class members
had been informed of the fraudulent nature of the FD-47, they would
not have purchased the FD-47 or would have paid substantially less.

**COUNT I**
**BREACH OF MASS. GEN. L. CH. 106, § 2-313: BREACH OF EXPRESS
WARRANTY BY FUEL DOCTOR AND BEST BUY RESULTING IN FINANCIAL HARM**

50.  The  proposed  class  representative  and  proposed  class  members
incorporate by reference all allegations in the preceding paragraphs
as if set forth fully in this count.

51.  Fuel  Doctor  and  Best  Buy  expressly  warranted  to  the  public
including  the  proposed  class  representative  and  proposed  class
members,  that  the  FD-47  was  merchantable  and  fit  for  the  ordinary
purposes for which fuel economy improvement devices are used.

52.  Fuel  Doctor  and  Best  Buy  extensively  advertised  that  the  FD-47
would  increase  motor  vehicle  fuel  economy  as  much  as  25%  and  also
improve  vehicle  engine  horsepower  performance  and  reduce  emissions,
*inter alia*.

53.  Fuel  Doctor  and  Best  Buy  represented  that  the  FD-47  was  of  a
particular standard or quality when it was in fact not.

54.  Fuel  Doctor  and  Best  Buy  breached  their  respective  express
warranties  in  that  the  FD-47  was  failed  to  produce  the  warranted
increases in fuel economy and engine performance.

15

55. Fuel Doctor and Best Buy received adequate notice of their breaches of express warranty and they failed to cure the warranty breaches.  In the alternative, the proposed class representative and proposed class members, as indirect purchasers were not required to issue notice of the warranty breach to Fuel Doctor and Best Buy and/or lack of notice of warranty breach did not result in any prejudice to these defendants.

56. All FD-47 warranties were identical and/or substantially similar with respect to material terms.  The proposed class representative and proposed class members complied with instructions and use recommendations for their respective FD-47.

57. The proposed class representative and proposed class members relied on express warranties made by Fuel Doctor and Best Buy concerning the FD-47 and sustained an ascertainable loss, other financial injury and property resulting from the breach of those warranties.

58. The proposed class representative and proposed class members could not have reasonably discovered the defective condition of their respective FD-47.

59. Fuel Doctor and Best Buy's breaches of their express warranties were the direct and proximate cause of cause of financial harm to the proposed class representative and proposed class members.

60. The FD-47 don't perform as warranted because these devices are nothing more than a circuit board on a closed loop with LED lights.

61. The above-enumerated defects existed at the time the FD-47 left the custody, control and/or possession of Fuel Doctor and Best Buy and render the FD-47 unfit for its warranted purpose.

62. The express warranty remedy set out in the User Manual of FD-47 fails of its essential purpose under MASS. GEN. L. ch. 106, § 2-719(2) because the FD-47 can not perform its warranted function and the limitation of consequential damages is unconscionable under Mass. Gen. L. ch. 106, § 2-719(3) because of the conduct of Fuel Doctor and Best Buy described *supra*.

Wherefore, the proposed class representative and proposed class members demand judgment against Fuel Doctor and Best Buy including monetary damages, interest, costs and attorney's fees.

**COUNT II**
**COMMON LAW FRAUD PERPETRATED BY FUEL DOCTOR AND BEST BUY**
**RESULTING IN FINANCIAL HARM**

63. The proposed class representative and proposed class members incorporate by reference all allegations in the preceding paragraphs as if set forth fully in this count.

64. Fuel Doctor and Best Buy made false affirmative representations of material fact concerning the attributes of the FD-47 including but not limited to the ability of the FD-47 to improve motor vehicle fuel economy as much as 25%, increase engine horsepower and decrease engine emissions.

65. Fuel Doctor and Best Buy were cognizant of the fact that the FD-47 did not (and could not) perform as represented because of

insurmountable technical issues of attempting to regulate complex mechanical and electro-mechanical fuel injection systems, electronic control modules and vehicle sensors through a closed loop cigarette lighter circuit that was not interfaced with any of the vehicle's engine components and was merely connected to a battery buss.

66. Fuel Doctor and Best Buy intended that the class representative and proposed class members would rely on these false representations of material fact concerning the attributes of the FD-47.

67. The class representative and proposed class members reasonably relied on these false representations of material fact concerning the attributes of the FD-47 and acted on the Defendants' false representations when purchasing the FD-47 because the false representations had the necessary trappings of legitimacy including authentic and authoritative representations.

68. The class representative and proposed class members sustained damage as a result of purchasing the FD-47 since none of the representations concerning the ability of the FD-47 to improve motor vehicle fuel economy as much as 25%, increase engine horsepower and decrease engine emissions were in fact true.

69. The above-referenced fraudulent statements were made on the packaging of the FD-47, in television advertisements and Internet advertisements including the Defendants' websites.

70. The claims of Best Buy and Fuel Doctor concerning the efficiencies of the FD-47 were refuted by independent laboratories

18

(including automotive experts retained on behalf of Plaintiffs in this proceeding), Consumer Reports, Car and Driver Magazine and other reputable authorities.

71. Examination of the FD-47 internal components (and patent application drawings) demonstrate that the FD-47 is a simple closed circuit with no capability to perform any function except to illuminate the three LED lights on the face of the device.

72. Fuel Doctor and Best Buy are engaged in on going active fraud concerning the attributes of the FD-47.

Wherefore, the proposed class representative and proposed class members demand judgment against Fuel Doctor and Best Buy including monetary damages, interest, costs and attorney's fees.

**COUNT III**
**VIOLATION OF MASS. GEN. L. CH. 93A: UNFAIR AND/OR DECEPTIVE TRADE ACT PRACTICES FUEL DOCTOR AND BEST BUY RESULTING IN FINANCIAL HARM**

73. The proposed class representative and proposed class members incorporate by reference all allegations in the preceding paragraphs as if set forth fully in this count.

74. Fuel Doctor and Best Buy are persons within the context of Mass. Gen. L. ch. 93A, § 1.

75. A so-called 30 day demand letter is not required pursuant to Mass. Gen. L. ch. 93A, § 9 with respect to Fuel Doctor since Fuel Doctor does not maintain offices or assets within the Commonwealth.

76. Best Buy received a 30 day demand letter on June 17, 2011, pursuant to Mass. Gen. L. ch. 93A, § 9 and failed to respond to the demand within 30 days of receipt.

77. Fuel Doctor and Best Buy committed unfair and/or deceptive acts in the course of trade and commerce within the context of Mass. Gen. L. ch. 93A and 940 Mass. Regs. Code §§ 3.05, 3.16 (1993) as described in this complaint.

78. Fuel Doctor and Best Buy fraudulently, intentionally, negligently and/or recklessly misrepresented to the proposed class representative and proposed class members the characteristics of FD-47 with respect to design, manufacture, functionality and performance in violation of both ch. 93A and 940 Mass. Regs. Code 940, §§ 3.05, 3.16 (1993).

79. Fuel Doctor and Best Buy committed unconscionable commercial practices including but not limited to deception, fraud, false pretense, false promise, misrepresentation and the knowing concealment, suppression and omission of material facts with intent that the proposed class representative and other FD-47 purchasers would rely upon such concealment, suppression and/or omission in connection with the sale and/or advertisement of FD-47.

80. Fuel Doctor and Best Buy fraudulently, intentionally, negligently, and/or recklessly misrepresented to the proposed class representative and proposed class members the attributes of the FD-47.

81. Fuel Doctor and Best Buy breached their respective express warranties in violation of chapter 93A.

82. The proposed class representative and proposed class members complied with use and maintenance recommendations for his respective FD-47.

83. Fuel Doctor and Best Buy intended or should have known that the proposed class representative and proposed class members would rely upon misrepresented characteristics of FD-47 with respect to design, manufacture, functionality and performance.

84. Fuel Doctor and Best Buy violated ch. 93A by failing to inform potential purchasers of the FD-47 prior to purchase and/or during the warranty period that the FD-47 was incapable of operating as warranted.

85. Fuel Doctor and Best Buy further violated ch. 93A by failing to inform prospective FD-47 purchasers that Fuel Doctor and Best Buy had not properly tested the device.

86. Fuel Doctor and Best Buy committed unfair and deceptive business trade act practices as set forth in all preceding counts and as described in this count. Fuel Doctor and Best Buy repeatedly violated ch. 93A on multiple occasions with their continuous course of conduct including omissions of material fact and misrepresentations concerning *inter alia,* the functionality and performance of the FD-47.

87. As a proximate and direct result of Fuel Doctor and Best Buy's unfair and deceptive business trade practices and warranty breach, the proposed class representative and proposed class members purchased the FD-47 and sustained an ascertainable loss, financial harm and property damage.

88. The proposed class representative and proposed class members experienced no increased vehicle fuel economy or improved engine performance as a result of using the FD-47.

89. The conduct of Fuel Doctor and Best Buy offends public policy as established by statutes and common law and is unfair, deceptive, unethical, oppressive and/or unscrupulous and caused unavoidable substantial injury to purchasers of the FD-47 (who were unable to have reasonably avoided the injury due to no fault of his own) without any countervailing benefits to consumers.

Wherefore, the proposed class representative and proposed class members demand judgment against Fuel Doctor and Best Buy including multiple monetary damages, interest, costs and attorney's fees.

## COUNT IV
### UNJUST ENRICHMENT / RESTITUTION

90. The proposed class representative and proposed class members incorporate by reference all allegations in the preceding paragraphs as if set forth fully in this count.

91. The proposed class representative and proposed class members do not have an adequate remedy at law and do not have binding and valid warranties with Fuel Doctor and Best Buy.

92. The proposed class representative and proposed class members conferred a direct monetary benefit on Fuel Doctor and Best Buy, but for Fuel Doctor and Best Buy's wrongful conduct the proposed class representative and proposed class members would not have conferred and would have otherwise expected remuneration from Fuel Doctor and Best Buy. At the time of purchase the proposed class representative and proposed class members enriched Fuel Doctor and Best Buy beyond their contractual rights. The proposed class representative and proposed class members thought they were purchasing a device to increase vehicle fuel mileage and engine performance received instead a dashboard LED light thereby mistakenly conferring benefits on Fuel Doctor and Best Buy.

93. Fuel Doctor and Best Buy obtained financial gain by selling the FD-47.

94. The proposed class representative and proposed class members sustained monetary damages.

95. Allowing Fuel Doctor and Best Buy to retain their unjust monetary enrichment from their wrongful and unlawful acts would violate the fundamental principles of justice and would be otherwise inequitable.

Wherefore, the proposed class representative and proposed class members request that Fuel Doctor and Best Buy refund the purchase price of the FD-47 or in the alternative, disgorge its profits from their wrongful and unlawful conduct. The proposed class representative and proposed class members further request that the court establish a constructive trust funded by the benefits conferred upon Fuel Doctor and Best Buy. The proposed class representative and proposed class members should be designated beneficiaries of the trust and obtain restitution for their out of pocket expenses caused by Fuel Doctor and Best Buy's conduct.

## SUPPLEMENTAL CAUSES OF ACTION

Alternatively, if this court declines the class-wide application of substantive law, class plaintiffs assert the following counts:

## SUPPLEMENTAL COUNT I
### BREACH OF STATE EXPRESS WARRANTIES OF MERCHANTABILITY
### BY FUEL DOCTOR AND BEST BUY RESULTING IN FINANCIAL HARM

96. The proposed class members incorporate by reference all allegations in the preceding paragraphs as if set forth fully in this count.

97. Fuel Doctor and Best Buy expressly warranted to the public including the proposed class members, that the FD-47 was merchantable and fit for the ordinary purposes for which fuel economy improvement devices are used.

24

98. Fuel Doctor and Best Buy extensively advertised that the FD-47 would increase motor vehicle fuel economy as much as 25%, improve vehicle engine horsepower performance and reduce emissions.

99. Fuel Doctor and Best Buy represented that the FD-47 was of a particular standard or quality when it was in fact not.

100. Fuel Doctor and Best Buy breached their respective express warranties in that the FD-47 failed to produce the warranted increases in fuel economy and engine performance or reduce emissions.

101. Fuel Doctor and Best Buy received adequate notice of their breaches of express warranty and they failed to cure the warranty breaches.  In the alternative, the proposed class members, as indirect purchasers were not required to issue notice of the warranty breach to Fuel Doctor and Best Buy and/or lack of notice of warranty breach did not result in any prejudice to these defendants.

102. All FD-47 warranties were identical and/or substantially similar with respect to material terms.  The proposed class members complied with instructions and use recommendations for their respective FD-47.

103. The proposed class class members relied on express warranties made by Fuel Doctor and Best Buy concerning the FD-47 and sustained an ascertainable loss and other financial injury and property damage resulting from the breach of those warranties.

104. The proposed class members could not have reasonably discovered the defective condition of their FD-47.

105. Fuel Doctor and Best Buy's breaches of their express warranties were the direct and proximate cause of cause of financial harm to the proposed class members.

106. The FD-47 don't perform as warranted because these devices are nothing more than a circuit board on a closed loop.

107. The above-enumerated defects existed at the time the FD-47 left the custody, control and/or possession of Fuel Doctor and Best Buy and render the FD-47 unfit for its warranted purpose.

108. The express warranty remedy set out in the User Manual of FD-47 fails of its essential purpose under MASS. GEN. L. ch. 106, § 2-719(2) because the FD-47 can not perform its warranted function and the limitation of consequential damages is unconscionable under Mass. Gen. L. ch. 106, § 2-719(3) because of the conduct of Fuel Doctor and Best Buy described *supra*.

109. Fuel Doctor and Best Buy's conduct violates the following state express warranty statutes:

(a) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Ala. Code § 7-2-313.

(b) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Ak. St. § 45.02.313.

(c) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Ariz. Rev. Stat. A. § 47-2313.

(d) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Ark. Code Ann. § 4-2-313.

(e) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Co. Rev. St. § 4-2-313.

(f) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Conn. Gen. Stat. Ann. § 42a-2-313.

(g) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of 6 Del. C. § 2-313.

(h) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of D.C. Stat. § 28:2-313.

(i) Fuel Doctor and Best Buy's sale and promotion of the FD-47 constitutes a breach of express warranty in violation of Fla. Stat. Ann. § 672.313.

(j) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Ga. Code Ann. § 11-2-313.

(k) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Haw. Rev. Stat. § 490:2-313.

(1) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Id. Stat. § 28-2-313.

(m) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of 810 Ill. Comp. Stat. 512-313.

(n) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Md. Code § 26-1-2-313.

(o) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Iowa Code Ann. § 554.2313.

(p) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Kansas Stat. Ann. § 84-2-313.

(q) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Ken. Rev. Stat. § 355.2-313.

(r) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of La. Civ. Code Ann. art. 2520.

(s) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of 11 Maine Rev. Stat. Ann. § 2-313.

(t) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Md. Corn. Law Code Ann. § 2-313.

(u) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Mass. Gen. Laws Ann. 106 § 2-313.

(v) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Mich. Comp. Laws Ann. 440.2313b.

(w) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Minn. Stat. Ann. § 336.2-313.

(x) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Miss. Code Ann. § 75-2-313.

(y) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Missouri Ann. Stat. 400.2-313.

(z) Fuel Doctor and Best Buy's sale and promotion of the GL 1800 constitutes a breach of express warranty in violation of Mont. Code Ann. 30-2-313.

(aa) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Neb. Rev. Stat. § 2-313.

(bb) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Nev. Rev. Stat. 104.2.313.

(cc) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of N.H. Rev. Stat. § 382-A:2-313.

(dd) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of N.J. Stat. Ann. 12A:2-313.

(ee) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of N.M. Stat. Ann. § 55-2-313.

(ff) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of N.Y. U.C.C. Law § 2-313.

(gg) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of N.C. Gen. Stat. Ann. § 25-2-313.

(hh) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of N.D. Stat 4 1-02-30.

(ii) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Ohio Rev. Code Ann. § 1302.26.

(jj) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Okla. Stat. Ann. tit. 12A, § 2-313.

(kk) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Or. Rev. Stat. § 72.3 130.

(11) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Pa. Stat. Ann. tit. 13, § 2313.

(mm) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of R.I. Stat. § 6A-2-313.

(nn) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of S.C. § 36-2-313.

(oo) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of S.D. Cod. Laws. § 57A-2-313.

(pp) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Tenn. Code Ann. § 47-2-313.

(qq) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Tex. Bus. & Corn. Code Ann. § 2.313.

(rr) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Ut. Code Ann. § 70A-2-313.

(ss) Fuel Doctor and Best Buy breached their express warranties accompanying the FD-47 in violation of Vt. Stat. Ann. § 2-313.

30

(tt)  Fuel  Doctor  and  Best  Buy  breached  their  express  warranties accompanying the FD-47 in violation of Va. Code Ann. § 8.2-313.

(uu)  Fuel  Doctor  and  Best  Buy  breached  their  express  warranties accompanying the FD-47 in violation of Wa. Ann. 62A.2-313.

(vv)  Fuel  Doctor  and  Best  Buy  breached  their  express  warranties accompanying the FD-47 in violation of W. Va. Code § 46-2-313.

(ww)  Fuel  Doctor  and  Best  Buy  breached  their  express  warranties accompanying the FD-47 in violation of Wis. Stat. Ann. 402.313.

(xx)  Fuel  Doctor  and  Best  Buy  breached  their  express  warranties accompanying the FD-47 in violation of Wyo. Stat. 34.1-2-313.

Wherefore,  the  proposed  class  members  demand  judgment  against Fuel Doctor and Best Buy including monetary damages, interest, costs and attorney's fees.

**SUPPLEMENTAL COUNT II**
**VIOLATION OF STATE CONSUMER PROTECTION LAWS BY**
**FUEL DOCTOR AND BEST BUY RESULTING IN FINANCIAL HARM**

110.  The  proposed  class  members  incorporate  by  reference  all allegations  in  the  preceding  paragraphs  as  if  set  forth  fully  in this count.

111. Fuel Doctor and Best Buy are persons within the context of the Unfair and Deceptive Trade Practices Acts (hereinafter "UDTPA") set out below.

112. Fuel Doctor and Best Buy committed unfair and deceptive acts in the  course  of  trade  and  commerce  as  described  in  this  complaint within the context of the UDTPAs set out below.

31

113. Fuel Doctor and Best Buy committed unconscionable commercial practices including but not limited to deception, fraud, false pretense, false promise, misrepresentation and the knowing concealment, suppression and omission of material facts with intent that the proposed class representative and other FD-47 purchasers would rely upon such concealment, suppression and/or omission in connection with the sale and/or advertisement of FD-47.

114. Fuel Doctor and Best Buy fraudulently, intentionally, negligently, and/or recklessly misrepresented to the proposed class representative and proposed class members the attributes of the FD-47 including but not limited to resulting improved fuel economy and engine performance in violation of the UDTPAs set out below.

115. Fuel Doctor and Best Buy employed unfair trade act practices in connection with the sale of the FD-47 in violation of the UDTPAs set out below.

116. Fuel Doctor and Best Buy committed unfair and deceptive business trade act practices as set forth in all preceding counts and as described in this count. Fuel Doctor and Best Buy repeatedly violated the UDTPAs set out below on multiple occasions with their continuous course of conduct including omissions of material fact and misrepresentations concerning *inter alia,* the unfair and fraudulent representations concerning the ability of the FD-47 to increase fuel economy and improve engine performance while reducing emissions.

117. As a proximate and direct result of Fuel Doctor and Best Buy's, unfair and/or deceptive business trade practices, the proposed class representative and proposed class members purchased the FD-47 and sustained an ascertainable loss and financial harm.

118. The conduct of Fuel Doctor and Best Buy offends public policy as established by statutes and common law and is unfair, deceptive, unethical, oppressive and/or unscrupulous and caused unavoidable substantial injury to FD-47 owners (who were unable to have reasonably avoided the injury due to no fault of their own) without any countervailing benefits to consumers.

119. Fuel Doctor and Best Buy's breech of express warranty and other conduct constitutes oppressive, unfair, unconscionable, deceptive and/or fraudulent acts or practices in violation of the state consumer protection statutes listed below:

(a) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Ala. Code § 8-19-1, *et seq.;*

(b) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Alaska Stat. § 40.50.471*, et seq.;*

(c) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Ark. Code Ann. § 4-88-101, *et seq.;*

(d) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Cal. Code § 17200, *et seq.*;

(e) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Colo. Rev. Stat. § 6-1-101*, et seq.*;

(f) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Conn. Gen. Stat. § 42-110a, *et seq.*;

(g) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Del. Code Ann. tit. 6, § 2511, *et seq.*;

(h) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of D.C. Code Ann. § 28-3901, *et seq.*;

(i) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Fla. Stat. § 501.201, *et seq.*;

(j) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Haw. Rev. Stat. § 480-1, *et seq.*;

(k) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Idaho Code § 48-601, *et seq.*;

(l) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of 815 Ill. Rev. Stat. § 505/1*, et seq.;*

(m) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Kan. Stat. Ann. § 50-623*, et seq.;*

(n) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Me. Rev. Stat. Ann. Tit § 205-A*, et seq.;*

(o) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Mich. Comp. Laws § 445.901*, et seq.;*

(p) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Minn. Stat. § 325F.68, *et seq.;*

(q) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Mo. Rev. Stat. § 407.010, *et seq.;*

(r) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.;*

(s) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Nev. Rev. Stat. § 598.0903, *et seq.;*

(t) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of N.H. Rev. Stat. Ann. § 358-A:1, *et seq.;*

(u) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of N.J. Stat. Ann. § 56:8-1, *et seq.;*

(v) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.;*

(w) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.;*

(x) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of N.D. Cent. Code § 51-15-01, *et seq.;*

(y) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Ohio Rev. Code Ann. § 1345.01, *et seq.;*

(z) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Okla. Stat. Ann. tit. 15 § 751, *et seq.;*

(aa) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.;*

(bb) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Tenn. Code Ann. § 47-18-101, *et seq.;*

(cc) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Tex. Bus. & Com. Code § 17.41, *et seq.;*

(dd) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Vt. Stat. Ann. tit. 9, § 245-1, *et seq.;*

(ee) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Wash. Rev. Code § 19.86.010, *et seq.;*

(ff) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of W. Va. Code § 46A-6-101, *et seq.;*

(gg) Fuel Doctor and Best Buy engaged in unfair, unlawful, fraudulent and deceptive trade practices in violation of Wis. Stat. § 100.20, *et seq.;* and,

120. Proposed class members were injured by the conduct of Fuel Doctor and Best Buy. As a direct and proximate result of Fuel Doctor and Best Buy's unfair, unlawful, fraudulent and deceptive trade acts and practices, proposed class members have suffered actual economic loss because they did not receive the benefit of their bargain. Proposed class members are entitled to multiple

damages, restitution, disgorgement, costs, and attorney's fees as provided in the above-referenced statutes.

Wherefore, the proposed class members demand judgment against Fuel Doctor and Best Buy including multiple monetary damages, interest, costs, attorney's fees and injunctive relief.

### RELIEF REQUESTED

Wherefore, the proposed class representative and proposed class members request:

a. A class certification order pursuant to Fed. R. Civ. P. 23(c) designating as class members those entities defined in ¶15 with any modifications to the class or sub-classes as required for the efficient and equitable administration of justice in this proceeding;

b. An Order appointing Sabbatelli as representative of the class and designating Thomas P. Sobran as counsel for the class pursuant to Fed. R. Civ. P. 23(g);

c. Judgment for the proposed class representative and class members against Fuel Doctor and Best Buy on all issues and counts;

d. Damages for Sabbatelli and class members including but not limited to multiple damages where applicable together with prejudgment interest, costs and attorney's fees;

e. Restitution for all costs incurred by Sabbatelli and class members resulting from the purchase of the FD-47.

38

f. Disgorgement of Fuel Doctor and Best Buy's revenue from their wrongful and unlawful conduct and the establishment of a constructive trust funded by the benefits conferred upon Fuel Doctor and Best Buy. Sabbatelli and class members should be designated beneficiaries of the trust and obtain restitution for their out of pocket expenses caused by Fuel Doctor and Best Buy's conduct; and,

g. Any other relief deemed necessary or appropriate by the court.

### REQUEST FOR JURY TRIAL

Sabbatelli and proposed class members request trial by jury on all issues and counts.

Daniel J. Sabbatelli
By his attorney,
on behalf of himself and
proposed class members,


*/s/ Thomas P. Sobran*
Thomas P. Sobran
7 Evergreen Lane
Hingham, MA 02043
(781) 741-6075
tsobran@sobranlaw.com
BBO #471810